UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTHONY MABRY,

    Petitioner,

v.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 3:14-cv-00312-MMD-WGC

ORDER

This habeas action comes before the Court for initial review.

Petitioner presents a handwritten motion to vacate sentence bearing the docket number for a state district court case in the Eighth Judicial District Court, State of Nevada. The certificate of service, however, shows the address for the Las Vegas Clerk's Office for this Court. The envelope instead was addressed to the Reno Clerk's Office for this Court.

It is quite possible that petitioner simply mistakenly sent a paper that he intended to file in the state district court instead to the federal court clerk. However, to the extent that petitioner intends to seek relief in federal court, the papers presented are subject to multiple substantial defects.

First, petitioner did not properly commence the federal action by either paying the filing fee or submitting a properly completed pauper application.

Second, petitioner did not seek federal habeas relief on the Court's required habeas petition form.

Third, petitioner did not name a proper respondent. Petitioner must name his immediate physical custodian as respondent in order to invoke the Court's habeas jurisdiction. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426 (2004). He instead named the State of Nevada as the only adverse party, and the Clerk also has supplied the state attorney general as a respondent. Petitioner may not bring a civil action in federal court directly against the State of Nevada because of the state sovereign immunity recognized by the Eleventh Amendment, regardless of the relief sought. *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

Due to these multiple defects, the petition in this improperly-commenced action will be dismissed without prejudice. It does not appear that a dismissal without prejudice to a new federal action, if pursued at this point, would materially impact adjudication of any issue in a promptly filed new action or otherwise cause substantial prejudice. Review of the online docket sheet for the state district court action, Case No. C-13-292602-1, reflects that the judgment of conviction was filed on June 13, 2014. No claims have been presented to the state supreme court for a decision on the merits. It therefore would appear that the federal one-year limitation period has not expired as yet, and petitioner further does not appear to have any exhausted claims at this juncture.[1]

It is therefore ordered that this action shall be dismissed without prejudice.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the dismissal of this improperly-commenced action to be either debatable or incorrect, given the multiple substantial defects presented and the absence of any substantial collateral prejudice to petitioner from the dismissal without prejudice.

---

[1] Petitioner at all times remains responsible for calculating the running of all applicable state and federal imitation periods and timely asserting claims in a proper forum.

Petitioner should note that if he instead intended to seek relief from the state district court, he will need to file a motion in that court. At present, he has filed a motion to vacate sentence in a federal district court that pertains to a pending state criminal proceeding. The filing in federal court does not bring any matter before the state court.

Nothing herein instructs or advises petitioner to file any proceeding in either state or federal court. The Court only is dismissing an improperly commenced action without prejudice.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 18th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE